# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA,**

|  | **Criminal Number** |
| --- | --- |
| **v.** | **05-CR-529 (DNH)** |

**JONATHAN BAKER,**
     **aka "JB"**
**GEORGE FULLER,**
     **aka "Shawn Bowen", and**
**KELVIN MINOTT,**
     **aka "Slim",**

          **Defendants.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

Dated: October 4, 2006        Respectfully submitted,

                    GLENN T. SUDDABY
                    United States Attorney

                    /s/
        By:   Lisa M. Fletcher
                    Assistant U.S. Attorney
                    Bar Roll Number 510187

## PREFACE

IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 30, THE UNITED STATES REQUESTS THAT THE COURT INSTRUCT THE JURY AS HEREINAFTER SET FORTH. THE REQUESTED JURY INSTRUCTIONS ARE BASED UPON THE DEFENDANT, EVIDENCE, AND ISSUES WHICH ARE ANTICIPATED, AND ARE INTENDED TO BE COMPREHENSIVE. BEFORE SUBMITTING THE CASE TO THE JURY, THE COURT MAY BE ASKED TO REMOVE ANY REQUESTED INSTRUCTION WHICH TURNS OUT TO BE INAPPLICABLE, AND THE UNITED STATES MAY REQUEST ADDITIONAL INSTRUCTIONS DEPENDING UPON THE ISSUES WHICH ARISE AT TRIAL.

THE SOURCES FOR THESE INSTRUCTIONS GENERALLY ARE: E. DEVITT, C. BLACKMAR & O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS, CRIMINAL (4TH ED. 1990); ("DEVITT AND BLACKMAR"); S. SALTZBURG & H. PERLMAN, FEDERAL CRIMINAL JURY INSTRUCTIONS (2D 1993) ("SALTZBURG AND PERLMAN"); L. SAND, J. SIFFERT, W. LOUGHLIN, & S. REISS, MODERN FEDERAL JURY INSTRUCTIONS (1996) ("SAND"); AND APPLICABLE CASE LAW.

TABLE OF CONTENTS

PROPOSED CHARGE                                                    PAGE

Preface. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

1.  ROLE OF THE COURT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.  ROLE OF THE JURY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3.  THE GOVERNMENT AS A PARTY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4.  CONDUCT OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5.  IMPROPER CONSIDERATIONS: RACE, RELIGION,
    NATIONAL ORIGIN, SEX, OR AGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6.  PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF. . . . . . . . . . . . . 8

7.  REASONABLE DOUBT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8.  FAILURE OF  DEFENDANT TO TESTIFY (IF APPLICABLE) . . . . . . . . . . . . . 12

9.  SYMPATHY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

10.  DIRECT AND CIRCUMSTANTIAL EVIDENCE. . . . . . . . . . . . . . . . . . . . . . . 15

11.  TESTIMONY, EXHIBITS, STIPULATIONS, AND JUDICIAL
    NOTICE IN GENERAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

12.  QUESTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

13.  EVIDENCE OBTAINED THROUGH SEARCHES AND ELECTRONIC
    SURVEILLANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

14.  WIRETAPS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

15. TRANSCRIPTS OF TAPE RECORDINGS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

16. EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

17. CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY . . . . . . . . 24

18. ACCOMPLICE TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

19. DEFENDANT'S TESTIMONY (IF APPLICABLE). . . . . . . . . . . . . . . . . . . . . . . . 29

20 INDICTMENT IS NOT EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

21 THE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

22 COUNT ONE: CONSPIRACY:  THE STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . 37

23 CONSPIRACY TO VIOLATE FEDERAL LAW - PURPOSE OF THE
       STATUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

24 CONSPIRACY TO VIOLATE FEDERAL LAW - ELEMENTS OF THE
       CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

25 CONSPIRACY TO VIOLATE FEDERAL LAW - EXISTENCE OF
       AGREEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

26 CONSPIRACY TO VIOLATE FEDERAL LAW - MEMBERSHIP IN
       THE CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

27. CONSPIRACY TO VIOLATE FEDERAL LAW - ACTS AND
       DECLARATIONS OF CO-CONSPIRATORS . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

28. DRUG CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

29. DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A
       CONTROLLED SUBSTANCE: THE STATUTE . . . . . . . . . . . . . . . . . . . . . . . . 51

30. DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
       A CONTROLLED SUBSTANCE: ELEMENTS OF THE OFFENSE . . . . . . . . 52

31. DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE

iii

A CONTROLLED SUBSTANCE: POSSESSION OF NARCOTICS . . . . . . . . . 53

32.  DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
A CONTROLLED SUBSTANCE: DEFINITION OF POSSESSION . . . . . . . . . 54

33.  DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
A CONTROLLED SUBSTANCE: KNOWLEDGE THAT THE
DRUGS WERE CONTROLLED SUBSTANCES . . . . . . . . . . . . . . . . . . . . . . . . 56

34.  DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
A CONTROLLED SUBSTANCE: METHOD OF PROVING
KNOWLEDGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

35.  DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
A CONTROLLED SUBSTANCE: DISTRIBUTION OR INTENT
TO DISTRIBUTE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

36.  DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
A CONTROLLED SUBSTANCE: DEFINITION OF DISTRIBUTION . . . . . . . 60

37.  DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
A CONTROLLED SUBSTANCE: INTENT TO DISTRIBUTE . . . . . . . . . . . . . 61

38.  AIDING AND ABETTING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

39.  QUANTITY - AMOUNT INVOLVED IN THE CONSPIRACY  . . . . . . . . . . . . .64

40.  QUANTITY - AMOUNT ATTRIBUTABLE TO EACH DEFENDANT
IN THE CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

41.  QUANTITY - AMOUNT INCLUDES CUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

42.  KNOWLEDGE, WILFULNESS AND INTENT . . . . . . . . . . . . . . . . . . . . . . . . . . 69

43.   KNOWINGLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

44.  WILLFULLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

45.  INTENTIONALLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

46. MOTIVE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

47. EVIDENCE OF UNCHARGED CONDUCT . . . . . . . . . .  . . . . . . . . . . . . . . . . . . 75

48. COCAINE AND COCAINE BASE (CRACK): CONTROLLED SUBSTANCES . . 79

49. VARIANCE IN DATE -- IMMATERIAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

50. PUNISHMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

51. SELECTION OF A FOREPERSON. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

52. NOTE TAKING BY JURORS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

53. RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY;
    COMMUNICATIONS WITH COURT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

54. DUTY TO CONSULT AND NEED FOR UNANIMITY. . . . . . . . . . . . . . . . . . . . 85

## REQUESTED INSTRUCTION NO. 1

## ROLE OF THE COURT

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENTS OF THE LAWYERS FOR THE PARTIES.

MY DUTY AT THIS POINT IS TO INSTRUCT YOU AS TO THE LAW.  IT IS YOUR DUTY TO ACCEPT THESE INSTRUCTIONS OF LAW AND APPLY THEM TO THE FACTS AS YOU DETERMINE THEM, JUST AS IT HAS BEEN MY DUTY TO PRESIDE OVER THE TRIAL AND DECIDE WHAT TESTIMONY AND EVIDENCE IS RELEVANT UNDER THE LAW FOR YOUR CONSIDERATION.

ON THESE LEGAL MATTERS, YOU MUST TAKE THE LAW AS I GIVE IT TO YOU.  IF AN ATTORNEY HAS STATED A LEGAL PRINCIPLE DIFFERENT FROM ANY THAT I STATE TO YOU IN MY INSTRUCTIONS, IT IS MY INSTRUCTIONS THAT YOU MUST FOLLOW.

YOU SHOULD NOT SINGLE OUT ANY ONE INSTRUCTION AS ALONE STATING THE LAW, BUT YOU SHOULD CONSIDER MY INSTRUCTIONS AS A WHOLE WHEN YOU RETIRE TO DELIBERATE IN THE JURY ROOM.

YOU SHOULD NOT, ANY OF YOU, BE CONCERNED ABOUT THE WISDOM OF ANY RULE THAT I STATE.  REGARDLESS OF ANY OPINION THAT YOU MAY HAVE AS TO WHAT THE LAW MAY BE - OR OUGHT TO BE - IT WOULD VIOLATE

YOUR SWORN DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE

LAW THAN THAT WHICH I GIVE YOU.

_____

Sand, Instruction No. 2-2

### REQUESTED INSTRUCTION NO. 2

### ROLE OF THE JURY

YOUR FINAL ROLE IS TO PASS UPON AND DECIDE THE FACT ISSUES THAT ARE IN THE CASE.  YOU, THE MEMBERS OF THE JURY, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS.  YOU PASS UPON THE WEIGHT OF THE EVIDENCE; YOU DETERMINE THE CREDIBILITY OF THE WITNESSES; YOU RESOLVE SUCH CONFLICTS AS THERE MAY BE IN THE TESTIMONY, AND YOU DRAW WHATEVER REASONABLE INFERENCES YOU DECIDE TO DRAW FROM THE FACTS AS YOU HAVE DETERMINED THEM.

I SHALL LATER DISCUSS WITH YOU HOW TO PASS UPON THE CREDIBILITY - OR BELIEVABILITY - OF THE WITNESSES.

IN DETERMINING THE FACTS, YOU MUST RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.  WHAT THE LAWYERS HAVE SAID IN THEIR OPENING STATEMENTS, IN THEIR CLOSING ARGUMENTS, IN THEIR OBJECTIONS, OR IN THEIR QUESTIONS IS NOT EVIDENCE.   IN THIS CONNECTION YOU SHOULD BEAR IN MIND THAT A QUESTION PUT TO A WITNESS IS NEVER EVIDENCE. IT IS ONLY THE ANSWER WHICH IS EVIDENCE. NOR IS ANYTHING I MAY HAVE SAID DURING THE TRIAL OR MAY SAY DURING THESE INSTRUCTIONS WITH RESPECT TO A FACT MATTER TO BE

TAKEN IN SUBSTITUTION FOR YOUR OWN INDEPENDENT RECOLLECTION. WHAT I SAY IS NOT EVIDENCE.

THE EVIDENCE BEFORE YOU CONSISTS OF THE ANSWERS GIVEN BY WITNESSES - THE TESTIMONY THEY GAVE, AS YOU RECALL IT - AND THE EXHIBITS THAT WERE RECEIVED IN EVIDENCE.

THE EVIDENCE DOES NOT INCLUDE QUESTIONS. ONLY THE ANSWERS ARE EVIDENCE. BUT YOU MAY NOT CONSIDER ANY ANSWER THAT I DIRECTED YOU TO DISREGARD OR THAT I DIRECTED STRUCK FROM THE RECORD. DO NOT CONSIDER SUCH ANSWERS. YOU MAY ALSO CONSIDER ANY STIPULATIONS OF THE PARTIES AS EVIDENCE.

SINCE YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS, I DO NOT MEAN TO INDICATE ANY OPINION AS TO THE FACTS OR WHAT YOUR VERDICT SHOULD BE. THE RULINGS I HAVE MADE DURING THE TRIAL ARE NOT ANY INDICATION OF MY VIEWS OF WHAT YOUR DECISION SHOULD BE AS TO WHETHER OR NOT THE GUILT OF EACH OF THE DEFENDANTS HAS BEEN PROVEN BEYOND A REASONABLE DOUBT.

_____

Sand, Instruction No. 2-3

## REQUESTED INSTRUCTION NO. 3

## THE GOVERNMENT AS A PARTY

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY.

THE CASE IS IMPORTANT TO THE GOVERNMENT, FOR THE ENFORCEMENT OF CRIMINAL LAWS IS A MATTER OF PRIME CONCERN TO THE COMMUNITY. EQUALLY, IT IS IMPORTANT TO THE DEFENDANTS, WHO ARE CHARGED WITH SERIOUS CRIMES.

THE FACT THAT THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT TO NO GREATER CONSIDERATION THAN THAT ACCORDED TO ANY DEFENDANT. BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION. ALL PARTIES, WHETHER GOVERNMENT OR INDIVIDUALS, STAND AS EQUALS AT THE BAR OF JUSTICE.

THE QUESTION BEFORE YOU CAN NEVER BE: WILL THE GOVERNMENT WIN OR LOSE THE CASE. THE GOVERNMENT ALWAYS WINS WHEN JUSTICE IS DONE, REGARDLESS OF WHETHER THE VERDICT IS GUILTY OR NOT GUILTY.

## REQUESTED INSTRUCTION NO. 4

## CONDUCT OF COUNSEL

IT IS THE DUTY OF THE ATTORNEY FOR EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. COUNSEL ALSO HAVE THE RIGHT AND DUTY TO ASK THE COURT TO MAKE RULINGS OF LAW AND TO REQUEST CONFERENCES AT THE SIDE BAR OUT OF THE HEARING OF THE JURY. ALL THOSE QUESTIONS OF LAW MUST BE DECIDED BY ME, THE COURT. YOU SHOULD NOT SHOW ANY PREJUDICE AGAINST AN ATTORNEY OR THEIR CLIENT BECAUSE THE ATTORNEY OBJECTED TO THE ADMISSIBILITY OF EVIDENCE, OR ASKED FOR A CONFERENCE OUT OF THE HEARING OF THE JURY OR ASKED THE COURT FOR A RULING ON THE LAW.

AS I ALREADY INDICATED, MY RULINGS ON THE ADMISSIBILITY OF EVIDENCE DO NOT INDICATE ANY OPINION ABOUT THE WEIGHT OR EFFECT OF SUCH EVIDENCE. YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

## REQUESTED INSTRUCTION NO. 5

## IMPROPER CONSIDERATIONS:
## RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE DEVELOPED AT TRIAL OR THE LACK OF EVIDENCE.

IT WOULD BE IMPROPER FOR YOU TO CONSIDER, IN REACHING YOUR DECISION AS TO WHETHER THE GOVERNMENT SUSTAINED ITS BURDEN OF PROOF, ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT THE DEFENDANT'S RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE.  ALL PERSONS ARE ENTITLED TO THE PRESUMPTION OF INNOCENCE AND THE GOVERNMENT HAS THE BURDEN OF PROOF, AS I WILL DISCUSS IN A MOMENT.

IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CRIME CHARGED TO INTERFERE WITH YOUR DECISION MAKING PROCESS.

TO REPEAT, YOUR VERDICT MUST BE BASED EXCLUSIVELY UPON THE EVIDENCE OR THE LACK OF EVIDENCE IN THE CASE.

7

## REQUESTED INSTRUCTION NO. 6

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

ALTHOUGH THE DEFENDANTS HAVE BEEN INDICTED, YOU MUST REMEMBER THAT AN INDICTMENT IS ONLY AN ACCUSATION. IT IS NOT EVIDENCE. EACH OF THE DEFENDANTS HAVE PLED NOT GUILTY TO THAT INDICTMENT.

AS A RESULT OF THE DEFENDANTS' PLEAS OF NOT GUILTY THE BURDEN IS ON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO THE DEFENDANTS FOR THE SIMPLE REASON THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESS OR PRODUCING ANY EVIDENCE.

THE LAW PRESUMES EVERY DEFENDANT TO BE INNOCENT OF THE CHARGES AGAINST HIM.

THUS THE DEFENDANTS, ALTHOUGH ACCUSED, BEGIN THE TRIAL WITH A CLEAN SLATE, WITH NO EVIDENCE AGAINST THEM. THIS PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO ACQUIT A DEFENDANT UNLESS YOU AS JURORS ARE SATISFIED BEYOND A REASONABLE DOUBT OF THE DEFENDANTS' GUILT, AFTER A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL OF THE EVIDENCE IN THIS CASE.

_____

Sand, instruction no. 4-1 (edited).

## REQUESTED INSTRUCTION NO. 7

### REASONABLE DOUBT

I HAVE SAID THAT THE GOVERNMENT MUST PROVE THE DEFENDANTS GUILTY BEYOND A REASONABLE DOUBT.  THE QUESTION NATURALLY IS WHAT IS A REASONABLE DOUBT?   THE WORDS ALMOST DEFINE THEMSELVES.  IT IS A DOUBT BASED UPON REASON AND COMMON SENSE.  IT IS A DOUBT THAT A PERSON HAS AFTER CAREFULLY WEIGHING ALL OF THE EVIDENCE.  IT IS A DOUBT WHICH WOULD CAUSE A REASONABLE PERSON TO HESITATE TO ACT IN A MATTER OF IMPORTANCE IN HIS OR HER OWN LIFE.  REASONABLE DOUBT IS ONE WHICH APPEALS TO YOUR REASON, YOUR JUDGMENT, YOUR COMMON SENSE, AND YOUR EXPERIENCE.

REASONABLE DOUBT IS NOT CAPRICE, WHIM OR SPECULATION.  IT IS NOT AN EXCUSE TO AVOID THE PERFORMANCE OF AN UNPLEASANT DUTY.  IT IS NOT SYMPATHY FOR A DEFENDANT.   VAGUE, SPECULATIVE, OR IMAGINARY QUALMS OR MISGIVINGS ARE NOT REASONABLE DOUBTS.

IN A CRIMINAL CASE, THE BURDEN IS AT ALL TIMES UPON THE GOVERNMENT TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THE LAW DOES NOT REQUIRE THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT; PROOF BEYOND A REASONABLE DOUBT IS SUFFICIENT TO CONVICT.  THIS BURDEN NEVER SHIFTS TO A DEFENDANT, WHICH MEANS THAT IT IS ALWAYS THE GOVERNMENT'S BURDEN TO PROVE EACH OF THE ELEMENTS OF THE CRIMES CHARGED BEYOND A REASONABLE DOUBT.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THE GUILT OF A DEFENDANT TO A MATHEMATICAL CERTAINTY OR BEYOND ALL POSSIBLE DOUBT. IF THAT WERE THE RULE, FEW MEN OR WOMEN, HOWEVER GUILTY THEY MIGHT BE, WOULD EVER BE CONVICTED. AS I AM SURE THAT YOU CAN APPRECIATE, THE LAW DOES NOT REQUIRE THE GOVERNMENT TO PROVE A DEFENDANT'S GUILT BEYOND ALL POSSIBLE DOUBT BECAUSE IN THIS WORLD OF OURS IT IS PRACTICALLY IMPOSSIBLE FOR A PERSON TO BE ABSOLUTELY AND COMPLETELY CONVINCED OF ANY CONTROVERTED FACT WHICH BY ITS NATURE IS NOT SUSCEPTIBLE OF MATHEMATICAL CERTAINTY. IN CONSEQUENCE, THE LAW IS SUCH THAT IN A CRIMINAL CASE IT IS ENOUGH IF PROOF THAT A DEFENDANT IS GUILTY IS ESTABLISHED BEYOND A REASONABLE DOUBT, NOT BEYOND ALL POSSIBLE DOUBT.

IF, AFTER FAIR AND IMPARTIAL CONSIDERATION OF ALL OF THE EVIDENCE YOU HAVE A REASONABLE DOUBT CONCERNING THE GUILT OF ANY ONE OR MORE OF THE DEFENDANTS, IT IS YOUR DUTY TO ACQUIT THE DEFENDANT OR DEFENDANTS FOR WHOM YOU HAVE A REASONABLE DOUBT. ON THE OTHER HAND, IF AFTER FAIR AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE YOU ARE SATISFIED OF THE DEFENDANTS' GUILT BEYOND A REASONABLE DOUBT, YOU SHOULD CONVICT.

---

Adapted from Sand, Instruction No. 4-2; United States v. Kahaner, 317 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836 (1963); United States v. Aqueci, 310 F.2d 817 (2d Cir. 1962), cert. denied, 372 U.S. 959 (1963); United States v. Borelli, 336 F.2d 376 (2d Cir. 1964), cert.

denied, 379 U.S. 960 (1965); and United States v. Desist, 384 F.2d 889 (2d Cir. 1967), aff'd, 394 U.S. 244 (1969)

## REQUESTED INSTRUCTION NO. 8

## FAILURE OF THE DEFENDANT TO TESTIFY (IF APPLICABLE)

THE LAW DOES NOT COMPEL A DEFENDANT IN A CRIMINAL CASE TO TAKE THE WITNESS STAND AND TESTIFY, AND NO PRESUMPTION OF GUILT MAY BE RAISED BY, AND NO INFERENCE OF ANY KIND MAY BE DRAWN FROM, THE FAILURE OF A DEFENDANT TO TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESS OR OF PRODUCING ANY EVIDENCE.

---

Devitt and Blackmar, § 15.14 (edited)

### REQUESTED INSTRUCTION NO. 9

### SYMPATHY

UNDER YOUR OATH AS JURORS YOU ARE NOT TO BE SWAYED BY SYMPATHY. YOU ARE TO BE GUIDED BY THE EVIDENCE IN THIS CASE, AND THE CRUCIAL, HARD-CORE QUESTION THAT YOU MUST ASK YOURSELVES AS YOU SIFT THROUGH THE EVIDENCE IS: HAS THE UNITED STATES PROVEN THE GUILT OF THE DEFENDANTS BEYOND A REASONABLE DOUBT?

IT IS FOR YOU ALONE TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THAT THE DEFENDANTS ARE GUILTY OF THE CRIMES CHARGED SOLELY ON THE BASIS OF THE EVIDENCE AND SUBJECT TO THE LAW AS I CHARGE YOU.  IT MUST BE CLEAR TO YOU THAT ONCE YOU LET FEAR OR PREJUDICE OR BIAS OR SYMPATHY INTERFERE WITH YOUR THINKING, THERE IS A RISK THAT YOU WILL NOT ARRIVE AT A TRUE AND JUST VERDICT.

IF YOU HAVE A REASONABLE DOUBT AS TO THE GUILT OF ANY ONE OR MORE OF THE DEFENDANTS, YOU SHOULD NOT HESITATE FOR ANY REASON TO FIND A VERDICT OF ACQUITTAL.  BUT ON THE OTHER HAND, IF YOU SHOULD FIND THAT THE GOVERNMENT HAS MET ITS BURDEN OF PROVING THE GUILT OF ANY ONE OR MORE OF THE DEFENDANTS BEYOND A REASONABLE DOUBT, YOU SHOULD NOT HESITATE, BECAUSE OF SYMPATHY

13

OR ANY OTHER REASON, TO RENDER A VERDICT OF GUILTY AS TO THE

DEFENDANTS WHOSE GUILT HAS BEEN SO PROVEN.

_____

Sand, Instruction No. 2-12

14

## REQUESTED INSTRUCTION NO. 10

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF THIS CASE - DIRECT AND CIRCUMSTANTIAL EVIDENCE.

DIRECT EVIDENCE IS WHERE A WITNESS TESTIFIES TO WHAT HE SAW, HEARD OR OBSERVED.  IN OTHER WORDS, WHEN A WITNESS TESTIFIES ABOUT WHAT IS KNOWN TO HIM OF HIS OWN KNOWLEDGE BY VIRTUE OF HIS OWN SENSES --  WHAT HE SEES, FEELS, TOUCHES OR HEARS -- THAT IS CALLED DIRECT EVIDENCE.

CIRCUMSTANTIAL EVIDENCE SIMPLY MEANS DRAWING A LOGICAL CONCLUSION OR INFERENCE FROM OTHER CONNECTED FACTS WHICH ARE SHOWN BY DIRECT EVIDENCE. THIS IS A FAMILIAR PROCESS IN YOUR DAILY LIVES.  WE ALL DRAW LOGICAL CONCLUSIONS FROM OTHER FACTS WHICH WE KNOW.  IN THIS AREA, WE HAVE A GOOD EXAMPLE OF CIRCUMSTANTIAL EVIDENCE.  WE SOMETIMES GO TO BED AT NIGHT AND JUST BEFORE WE DO, WE LOOK OUT OF OUR WINDOW AND SEE THAT OUR LAWNS ARE GREEN AND CLEAR OF SNOW.  THEN WE GET UP IN THE MORNING, LOOK OUT THE WINDOW, AND IT'S NOT SNOWING BUT OUR LAWNS ARE COVERED WITH SNOW.  FROM THAT WE CONCLUDE THAT DURING THE NIGHT IT SNOWED.

15

THAT IS ALL THERE IS TO CIRCUMSTANTIAL EVIDENCE. YOU INFER ON THE BASIS OF REASON AND EXPERIENCE AND COMMON SENSE FROM AN ESTABLISHED FACT THE EXISTENCE OR THE NONEXISTENCE OF SOME OTHER FACT.  WE ALL USE THIS PROCESS IN OUR EVERYDAY LIVES.  WE DRAW CONCLUSIONS BASED UPON COMMON SENSE AND EXPERIENCE AND FROM OTHER CONNECTED FACTS AND THE PROCESS HERE IN THE COURTROOM IS NO DIFFERENT.

CIRCUMSTANTIAL EVIDENCE  IS  OF NO LESS VALUE THAN DIRECT EVIDENCE, FOR IT IS A GENERAL RULE THAT THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT BEFORE CONVICTING A DEFENDANT, THE JURY MUST BE SATISFIED OF A DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT FROM ALL OF THE EVIDENCE IN THE CASE.

———————————

Sand, Instruction No. 5-2; Devitt and Blackmar, § 12.04

———

16

## REQUESTED INSTRUCTION NO. 11

### TESTIMONY, EXHIBITS, STIPULATIONS,
### AND JUDICIAL NOTICE IN GENERAL

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS RECEIVED IN EVIDENCE, STIPULATIONS AND JUDICIALLY NOTICED FACTS.

EXHIBITS WHICH HAVE BEEN MARKED FOR IDENTIFICATION BUT NOT RECEIVED MAY NOT BE CONSIDERED BY YOU AS EVIDENCE.  ONLY THOSE EXHIBITS RECEIVED MAY BE CONSIDERED AS EVIDENCE.

SIMILARLY, YOU ARE TO DISREGARD ANY TESTIMONY I HAVE ORDERED TO BE STRICKEN.  AS I INDICATED BEFORE, ONLY THE WITNESS' ANSWERS ARE EVIDENCE AND YOU ARE NOT TO CONSIDER A QUESTION AS EVIDENCE.  SIMILARLY, STATEMENTS BY COUNSEL ARE NOT EVIDENCE.

YOU SHOULD CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN COMMON SENSE AND EXPERIENCE, AND YOU MAY DRAW REASONABLE INFERENCES FROM THE EVIDENCE.

ANYTHING YOU MAY HAVE SEEN OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

---

Sand, Instruction No. 5-4

17

## REQUESTED INSTRUCTION NO. 12

### QUESTIONS

LET ME EMPHASIZE THAT A LAWYER'S QUESTION IS NOT EVIDENCE. AT TIMES, A LAWYER ON CROSS-EXAMINATION MAY HAVE INCORPORATED INTO A QUESTION A STATEMENT WHICH ASSUMED CERTAIN FACTS TO BE TRUE AND ASKED THE WITNESS IF THE STATEMENT WAS TRUE. IF THE WITNESS DENIES THE TRUTH OF A STATEMENT, AND IF THERE IS NO EVIDENCE IN THE RECORD PROVING THAT THE ASSUMED FACT IS TRUE, THEN YOU MAY NOT CONSIDER THE FACT TO BE TRUE SIMPLY BECAUSE IT WAS CONTAINED IN THE LAWYER'S QUESTION.

THE FAMOUS EXAMPLE OF THIS IS THE LAWYER'S QUESTION OF A MARRIED WITNESS: "WHEN DID YOU STOP BEATING YOUR WIFE?" YOU WOULD NOT BE PERMITTED TO CONSIDER AS TRUE THE ASSUMED FACT THAT HE EVER BEAT HIS WIFE, UNLESS THE WITNESS HIMSELF INDICATED HE HAD, OR UNLESS THERE IS SOME OTHER EVIDENCE IN THE RECORD THAT HE HAD BEATEN HIS WIFE.

IN SHORT, QUESTIONS ARE NOT EVIDENCE; ANSWERS ARE.

_____

Sand, Instruction No. 5-3

18

## REQUESTED INSTRUCTION NO. 13

## EVIDENCE OBTAINED THROUGH SEARCHES
## AND ELECTRONIC SURVEILLANCE

DURING THIS TRIAL, YOU HAVE HEARD TESTIMONY THAT LAW ENFORCEMENT OFFICERS OBTAINED CERTAIN PIECES OF EVIDENCE BY CONDUCTING SEARCHES AND EMPLOYING ELECTRONIC SURVEILLANCE TECHNIQUES, SUCH AS WIRETAPS.  YOU ARE INSTRUCTED AS A MATTER OF LAW THAT THE EVIDENCE OBTAINED IN THESE SEARCHES AND THROUGH THESE ELECTRONIC SURVEILLANCE TECHNIQUES ARE PROPER EVIDENCE AND MAY BE CONSIDERED BY YOU, JUST AS YOU CONSIDER OTHER EVIDENCE.

---

Federal Justice Center Committee to Study Criminal Jury Instructions, Pattern Criminal Jury Instruction 19, no. 13
[Federal Judicial Center 1982] [Wiretaps, Consensual Recordings, Propriety of Evidence] (Modified).

## REQUESTED INSTRUCTION NO. 14

## WIRETAPS

THE GOVERNMENT HAS OFFERED EVIDENCE IN THE FORM OF RECORDINGS OF TELEPHONE CALLS WITH THE DEFENDANTS WHICH WERE OBTAINED WITHOUT THE KNOWLEDGE OF THE PARTIES TO THE CONVERSATIONS, BUT WITH THE CONSENT AND AUTHORIZATION OF THE COURT.  THESE SO-CALLED WIRETAPS WERE LAWFULLY OBTAINED.

THE USE OF THIS PROCEDURE TO GATHER EVIDENCE IS PERFECTLY LAWFUL AND THE GOVERNMENT IS ENTITLED TO USE SUCH "WIRETAPS" IN THIS CASE.

---

Sand, Instruction No. 5-11

## REQUESTED INSTRUCTION NO. 15

## TRANSCRIPTS OF AUDIO RECORDINGS

EXHIBITS HAVE BEEN IDENTIFIED AS TYPEWRITTEN TRANSCRIPTS OF ORAL CONVERSATIONS WHICH CAN BE HEARD ON THE AUDIO RECORDINGS RECEIVED IN EVIDENCE. THE TRANSCRIPTS ALSO PURPORT TO IDENTIFY THE SPEAKERS ENGAGED IN SUCH CONVERSATIONS.

I HAVE ADMITTED THE TRANSCRIPTS FOR THE LIMITED AND SECONDARY PURPOSE OF AIDING YOU IN FOLLOWING THE CONTENT OF THE CONVERSATIONS AS YOU LISTEN TO THE AUDIO RECORDINGS, AND ALSO TO AID YOU IN IDENTIFYING THE SPEAKERS.

HOWEVER, YOU ARE SPECIFICALLY INSTRUCTED THAT WHETHER THE TRANSCRIPTS CORRECTLY OR INCORRECTLY REFLECT THE CONTENT OF THE CONVERSATIONS OR THE IDENTITY OF THE SPEAKERS IS ENTIRELY FOR YOU TO DETERMINE BASED UPON YOUR OWN EVALUATION OF THE TESTIMONY YOU HAVE HEARD CONCERNING THE PREPARATION OF THE TRANSCRIPTS, AND FROM YOUR OWN EXAMINATION OF THE TRANSCRIPTS IN RELATION TO YOUR HEARING OF THE AUDIO RECORDINGS THEMSELVES AS THE PRIMARY EVIDENCE OF THEIR OWN CONTENT; AND, IF YOU SHOULD DETERMINE THAT THE TRANSCRIPTS ARE IN ANY RESPECT INCORRECT OR UNRELIABLE, YOU SHOULD DISREGARD THEM TO THAT EXTENT.

Saltzburg and Perlman, Appendix III, Pattern Jury Instructions Fifth Circuit, § 4, p. III-80.

## REQUESTED INSTRUCTION NO. 16

## EXPERT WITNESS (GENERALLY)

YOU HAVE HEARD TESTIMONY FROM FORENSIC AND LAW ENFORCEMENT EXPERTS.  AN EXPERT IS ALLOWED TO EXPRESS HIS OR HER OPINION ON THOSE MATTERS ABOUT WHICH HE HAS SPECIAL KNOWLEDGE AND TRAINING.  EXPERT TESTIMONY IS PRESENTED TO YOU ON THE THEORY THAT SOMEONE WHO IS EXPERIENCED IN THE FIELD CAN ASSIST YOU IN UNDERSTANDING THE EVIDENCE OR IN REACHING AN INDEPENDENT DECISION ON THE FACTS.

IN WEIGHING THE EXPERT'S TESTIMONY, YOU MAY CONSIDER THE EXPERT'S QUALIFICATIONS, HIS OR HER OPINIONS, HIS OR HER REASONS FOR TESTIFYING, AS WELL AS ALL OF THE OTHER CONSIDERATIONS THAT ORDINARILY APPLY WHEN YOU ARE DECIDING WHETHER OR NOT TO BELIEVE A WITNESS' TESTIMONY.  YOU MAY GIVE THE EXPERT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES IN LIGHT OF ALL THE EVIDENCE IN THIS CASE.  YOU SHOULD NOT, HOWEVER, ACCEPT THIS WITNESS' TESTIMONY MERELY BECAUSE HE OR SHE IS AN EXPERT.  NOR SHOULD YOU SUBSTITUTE IT FOR YOUR OWN REASON, JUDGMENT, AND COMMON SENSE.  THE DETERMINATION OF THE FACTS IN THIS CASE RESTS SOLELY WITH YOU.

---

Sand, Instruction No. 7-21

## REQUESTED INSTRUCTION NO. 17

## CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT THAT THEIR TESTIMONY DESERVES. AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT, YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IN YOUR OPINION IS WORTHY OF BELIEF. CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE, AND STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND. CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS. CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

24

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY. INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL, AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH CREDIBILITY, IF ANY, AS YOU THINK IT DESERVES.

———————————

Devitt and Blackmar, §15.01 (edited last paragraph)

_____            ____        **REQUESTED INSTRUCTION NO. 18**

**ACCOMPLICE TESTIMONY**

IN THE PROSECUTION OF CRIME, THE GOVERNMENT IS FREQUENTLY CALLED UPON TO USE PERSONS WHO HAVE BEEN ACCOMPLICES.  OFTEN IT HAS NO CHOICE.  THEY ARE PROPERLY USED.  AFTER ALL, THE GOVERNMENT MUST RELY UPON WITNESSES TO TRANSACTIONS, WHOMEVER THEY ARE; OTHERWISE IN MANY INSTANCES, IT WOULD BE DIFFICULT TO DETECT AND PROSECUTE WRONGDOERS.

THIS IS PARTICULARLY SO IN CASES WHERE A CONSPIRACY IS INVOLVED.  FREQUENTLY, IT HAPPENS THAT ONLY THOSE ON THE INSIDE OF THE VENTURE CAN GIVE EVIDENCE WHICH IS MATERIAL AND IMPORTANT TO THE CASE.

THE LAW LAYS DOWN SEVERAL RULES WHICH GOVERN YOUR TREATMENT OF ACCOMPLICE TESTIMONY.  IN THE FIRST PLACE, IT IS NO CONCERN OF YOURS OR MINE WHY THE GOVERNMENT CHOSE NOT TO CHARGE A CERTAIN PERSON OR TO TREAT OTHERS WITH LENIENCY.  THE DECISION OF WHO SHOULD BE PROSECUTED AND TO WHAT DEGREE IS A MATTER WHICH THE CONSTITUTION AND STATUTES OF THE UNITED STATES DELEGATE SOLELY TO THE ATTORNEY GENERAL OF THE UNITED STATES AND THE UNITED STATES ATTORNEYS WHO, ACTING UNDER HIS AUTHORITY, CARRY OUT HIS CONSTITUTIONAL MANDATE.  THE CONSTITUTION AND

STATUTES OF THE UNITED STATES DO NOT GIVE YOU OR ME ANY AUTHORITY TO SUPERVISE THE EXERCISE OF THIS RESPONSIBILITY.

FURTHER, IF YOU COME TO THE CONCLUSION THAT AN ACCOMPLICE WITNESS HAS GIVEN RELIABLE TESTIMONY, YOU ARE REQUIRED TO ACT UPON IT EXACTLY AS YOU WOULD ACT ON ANY OTHER TESTIMONY YOU FIND TO BE RELIABLE, EVEN THOUGH YOU MAY THOROUGHLY DISLIKE THE WITNESS WHO PROVIDED THE TESTIMONY.

HOWEVER, IT IS ALSO THE CASE THAT ACCOMPLICE TESTIMONY IS OF SUCH NATURE THAT IT MUST BE SCRUTINIZED WITH GREAT CARE AND VIEWED WITH PARTICULAR CAUTION WHEN YOU DECIDE HOW MUCH OF THE TESTIMONY TO BELIEVE.

THERE IS NO REQUIREMENT THAT THE TESTIMONY OF AN ACCOMPLICE BE CORROBORATED OR SUPPORTED BY OTHER EVIDENCE.  A CONVICTION MAY REST UPON THE TESTIMONY OF THE ACCOMPLICE ALONE, IF YOU BELIEVE IT.

YOU SHOULD ASK YOURSELVES WHETHER THESE SO-CALLED ACCOMPLICES WOULD BENEFIT MORE BY LYING, OR BY TELLING THE TRUTH. WAS THEIR TESTIMONY MADE UP IN ANY WAY BECAUSE THEY BELIEVED OR HOPED THAT THEY WOULD SOMEHOW RECEIVE FAVORABLE TREATMENT BY TESTIFYING FALSELY?  OR DID THEY BELIEVE THAT THEIR INTERESTS WOULD BE BEST SERVED BY TESTIFYING TRUTHFULLY?  IF YOU BELIEVE THAT THE WITNESS WAS MOTIVATED BY HOPES OF PERSONAL GAIN, WAS

27

THE MOTIVATION ONE WHICH WOULD CAUSE HIM TO LIE, OR WAS IT ONE

WHICH WOULD CAUSE HIM TO TELL THE TRUTH?  DID THIS MOTIVATION

COLOR HIS TESTIMONY?

IN SUM, YOU SHOULD LOOK AT ALL OF THE EVIDENCE IN DECIDING

WHAT CREDENCE AND WHAT WEIGHT, IF ANY, YOU WILL WANT TO GIVE TO

THE ACCOMPLICE WITNESSES.

---

Given in United States v. LaTray, 89-CR-110 (N.D.N.Y.), aff'd, No. 90-1578 (2d Cir. May
15, 1991)(Summary order); Sand, Instruction No. 7-5; United States v. Projansky, 465 F.2d
123, 136-137 (2d Cir.), cert. denied, 409 U.S. 1006 (1972); United States v. Falage, 426 F.2d
930, 933-934 (2d Cir.), cert. denied, 400 U.S. 906 (1970); Pattern Jury Instructions, Criminal
Cases, U.S. Fifth Circuit District Judges' Association at 184 (1983)

## REQUESTED INSTRUCTION NO. 19

## <u>DEFENDANT'S TESTIMONY (IF APPLICABLE)</u>

DURING THE TRIAL, DEFENDANT(S) (fill in applicable name(s)) TESTIFIED. A DEFENDANT WHO WISHES TO TESTIFY IS A COMPETENT WITNESS, AND HIS TESTIMONY SHOULD NOT BE DISBELIEVED MERELY BECAUSE HE IS A DEFENDANT.  HOWEVER, IN WEIGHING HIS/HER TESTIMONY, YOU SHOULD CONSIDER THE FACT THAT A DEFENDANT HAS A VITAL INTEREST IN THE OUTCOME OF HIS TRIAL --  AN INTEREST THAT IS POSSESSED BY NO OTHER WITNESS.  THIS IS A MATTER THAT SERIOUSLY MAY AFFECT THE WEIGHT AND CREDIBILITY TO BE GIVEN A DEFENDANT'S TESTIMONY.

_____

Adapted from <u>United States v. Van Drunen</u>, 501 F.2d 1393, 1395 (7th Cir.), <u>cert. denied</u>, 419 U.S. 1091 (1974); <u>Black v. United States</u>, 309 F.2d 331, 342 (8th Cir.), <u>cert. denied,</u> 372 U.S. 934 (1962); <u>Stapleton v. United States</u>, 260 F.2d 415, 420 (9th Cir. 1958)

## REQUESTED INSTRUCTION NO. 20

## INDICTMENT IS NOT EVIDENCE

WITH THESE PRELIMINARY INSTRUCTIONS IN MIND, LET US TURN TO THE CHARGES AGAINST THE DEFENDANTS, AS CONTAINED IN THE INDICTMENT. I REMIND YOU THAT AN INDICTMENT ITSELF IS NOT EVIDENCE. IT MERELY DESCRIBES THE CHARGES MADE AGAINST THE DEFENDANTS. IT IS AN ACCUSATION. IT MAY NOT BE CONSIDERED BY YOU AS ANY EVIDENCE OF THE GUILT OF THE DEFENDANTS.

IN REACHING YOUR DETERMINATION OF WHETHER THE GOVERNMENT HAS PROVED A DEFENDANT GUILTY BEYOND A REASONABLE DOUBT, YOU MAY CONSIDER ONLY THE EVIDENCE INTRODUCED OR LACK OF EVIDENCE.

Sand, Instruction No. 3-1

30

## REQUESTED INSTRUCTION NO. 21

## THE CHARGES

THE INDICTMENT CONTAINS ONE COUNT PERTINENT TO ALL OF THE DEFENDANTS ON TRIAL AND A NUMBER OF OTHER COUNTS RELEVANT TO INDIVIDUAL DEFENDANTS.

COUNT ONE CHARGES ALL OF THE DEFENDANTS WITH CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE COCAINE BASE (CRACK).   IN PERTINENT PART, THIS CHARGE READS AS FOLLOWS:

### THE GRAND JURY CHARGES:

From in or about 2004, and continuing thereafter up through on or about August 9, 2005, in Oneida County, in the Northern District of New York and elsewhere,

**JONATHAN BAKER,**
**aka     "JB",**
**GEORGE FULLER**
**aka     "Shawn Bowen",   and**
**KELVIN MINOTT**
**aka     "Slim"**

the defendants herein, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with one another and with other persons known and unknown to the Grand Jury to possess with intent to distribute and distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846.

The quantity of the mixture and substance containing a detectable amount of cocaine base (crack) involved in the conspiracy was 50 or more grams; thus, the defendants are subject to the penalties prescribed by Title 21, United States Code, Section 841 (b)(1)(A).

31

COUNTS 17 THROUGH 24 CHARGE DEFENDANT **JONATHAN BAKER** WITH COUNTS OF POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE (CRACK COCAINE).  THESE CHARGES READ AS FOLLOWS:

**THE GRAND JURY FURTHER CHARGES:**
**COUNT 17**

On or about June 23, 2005, in Oneida County, in the Northern District of New York, defendant

**JONATHAN BAKER**
**aka     "JB"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**
**COUNT 18**

On or about June 29, 2005, in Oneida County, in the Northern District of New York,

defendant

**JONATHAN BAKER**
**aka     "JB"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**
**COUNT 19**

On or about June 30, 2005, in Oneida County, in the Northern District of New York,

defendant

**JONATHAN BAKER**
**aka     "JB"**

32

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## THE GRAND JURY FURTHER CHARGES:
### COUNT 20

On or about July 1, 2005, at on or about 11:42 am, in Oneida County, in the Northern District of New York, defendant

**JONATHAN BAKER**
**aka    "JB"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## THE GRAND JURY FURTHER CHARGES:
### COUNT 21

On or about July 1, 2005, at on or about 1:44 pm, in Oneida County, in the Northern District of New York, defendant

**JONATHAN BAKER**
**aka    "JB"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## THE GRAND JURY FURTHER CHARGES:
### COUNT 22

33

On or about July 1, 2005, at on or about 2:54 pm, in Oneida County, in the Northern District of New York, defendant

**JONATHAN BAKER**
**aka     "JB"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).


### THE GRAND JURY FURTHER CHARGES:
### COUNT 23

On or about July 1, 2005, at on or about 3:35 pm, in Oneida County, in the Northern District of New York, defendant

**JONATHAN BAKER**
**aka     "JB"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).


### THE GRAND JURY FURTHER CHARGES:
### COUNT 24

On or about July 9, 2005, in Oneida County, in the Northern District of New York, defendant

**JONATHAN BAKER**
**aka     "JB"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNTS 37 AND 38 CHARGE DEFENDANT **GEORGE FULLER** WITH COUNTS OF POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE (CRACK COCAINE).  THESE CHARGES READ AS FOLLOWS:

**THE GRAND JURY FURTHER CHARGES:**
**COUNT 37**

On or about June 22, 2005, in Oneida County, in the Northern District of New York, defendant

**GEORGE FULLER**
**aka     "Shawn Bowen"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**
**COUNT 38**

On or about July 1, 2005, in Oneida County, in the Northern District of New York, defendant

**GEORGE FULLER**
**aka     "Shawn Bowen"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 41 CHARGES DEFENDANT **KELVIN MINOTT** WITH POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE (CRACK COCAINE).   THIS CHARGE READS AS FOLLOWS:

35

**THE GRAND JURY FURTHER CHARGES:**
**COUNT 41**

On or about August 2, 2005, in Oneida County, in the Northern District of New York,

defendant

**KELVIN MINOTT**
**aka      "Slim"**

did knowingly and intentionally possess with intent to distribute cocaine base (crack), a Schedule

II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).


_____THE DEFENDANTS HAVE DENIED THAT THEY ARE GUILTY OF THESE

CHARGES, AND BY THIS DENIAL HAVE PUT IN ISSUE EVERY ELEMENT WHICH

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT.


_____

Sand, Instruction No. 3-2

36

## REQUESTED INSTRUCTION NO. 22

### COUNT ONE:
### CONSPIRACY: THE STATUTE

THE RELEVANT STATUTE FOR THE CRIME CHARGED IN <u>COUNT ONE</u>  IS TITLE

21 UNITED STATES CODE § 846.

TITLE 21 U.S.C. § 846 PROVIDES:

Any person who attempts or conspires to commit any offense defined in this

subchapter shall commit a crime against the United States.

**REQUESTED INSTRUCTION NO. 23**

**CONSPIRACY TO VIOLATE FEDERAL LAW --PURPOSE OF THE STATUTE**

IN THIS CASE, THE DEFENDANTS ARE ACCUSED OF HAVING BEEN MEMBERS OF A CONSPIRACY TO VIOLATE CERTAIN FEDERAL LAWS.  A CONSPIRACY IS A KIND OF CRIMINAL PARTNERSHIP--A COMBINATION OR AGREEMENT OF TWO OR MORE PERSONS TO JOIN TOGETHER TO ACCOMPLISH SOME UNLAWFUL PURPOSE.

THE CRIME OF CONSPIRACY TO VIOLATE A FEDERAL LAW IS AN INDEPENDENT OFFENSE.  IT IS SEPARATE AND DISTINCT FROM THE ACTUAL VIOLATION OF ANY SPECIFIC FEDERAL LAWS, WHICH THE LAW REFERS TO AS "SUBSTANTIVE CRIMES."

INDEED, YOU MAY FIND THE DEFENDANTS GUILTY OF THE CRIME OF CONSPIRACY TO COMMIT AN OFFENSE AGAINST THE UNITED STATES EVEN THOUGH THE SUBSTANTIVE CRIME WHICH WAS THE OBJECT OF THE CONSPIRACY WAS NOT ACTUALLY COMMITTED.  IN OTHER WORDS, THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE PARTIES TO OR MEMBERS OF THE AGREEMENT OR CONSPIRACY WERE SUCCESSFUL IN ACHIEVING ANY OR ALL OF THE OBJECTS OF THE AGREEMENT OR CONSPIRACY.  MOREOVER, YOU MAY FIND THE DEFENDANTS GUILTY OF CONSPIRACY DESPITE THE FACT THAT THEY THEMSELVES WERE INCAPABLE OF COMMITTING THE SUBSTANTIVE CRIME.

CONGRESS HAS DEEMED IT APPROPRIATE TO MAKE CONSPIRACY, STANDING ALONE, A SEPARATE CRIME EVEN IF THE CONSPIRACY IS NOT

38

SUCCESSFUL.  THIS IS BECAUSE COLLECTIVE CRIMINAL ACTIVITY POSES A GREATER THREAT TO THE PUBLIC'S SAFETY AND WELFARE THAN INDIVIDUAL CONDUCT, AND INCREASES THE LIKELIHOOD OF SUCCESS OF A PARTICULAR CRIMINAL VENTURE.

---

Sand, Instruction No. 19-2

## REQUESTED INSTRUCTION NO. 24

## CONSPIRACY TO VIOLATE FEDERAL LAW --
## ELEMENTS OF THE CONSPIRACY

IN ORDER TO SATISFY ITS BURDEN OF PROOF, THE GOVERNMENT MUST ESTABLISH EACH OF THE FOLLOWING ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THAT TWO OR MORE PERSONS ENTERED THE UNLAWFUL AGREEMENT CHARGED IN THE INDICTMENT;

SECOND, THAT THE DEFENDANT KNOWINGLY AND WILLFULLY BECAME A MEMBER OF THE CONSPIRACY;

THIRD, THAT THE CONSPIRACY INVOLVED THE POSSESSION WITH INTENT TO DISTRIBUTE OR DISTRIBUTION OF COCAINE BASE, ALSO KNOWN AS CRACK.

Sand, Instruction No. 19-3